MOORE v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 99241. Submitted April 6, 1988, at Detroit. Decided September 12, 1988. Leave to appeal applied for.

Sanford Moore was injured in an automobile accident and was disabled from his employment with the Grand Trunk Western Railroad. Moore sought wage-loss benefits from his no-fault insurer, Automobile Club Insurance Association. The insurer deducted from the amount due as wage-loss benefits the amount Moore had received pursuant to the provisions of the federal Railroad Unemployment Insurance Act. Moore brought an action in Washtenaw Circuit Court seeking, in part, to determine whether it was proper for the insurer to set off against wage-loss benefits the proceeds paid under the federal unemployment plan. Defendant insurer moved for summary disposition. The trial court, Patrick J. Conlin, J., granted the motion, holding that the federal unemployment benefits fell within the scope of the governmental-benefit setoff provision of the no-fault act. Plaintiff appealed.

The Court of Appeals *held:*

Since the federal unemployment benefits were for the same purpose as wage-loss benefits under the no-fault act, that is to replace wages lost during the period of disability, and since benefits under both programs became payable as a result of the disability resulting from the automobile accident, the insurer properly used the federal benefits as a setoff against its no-fault wage-loss liability.

Affirmed.

INSURANCE — NO-FAULT — REDUCTION OF BENEFITS — RAILROAD UNEMPLOYMENT INSURANCE ACT.

Benefits payable pursuant to the federal Railroad Unemployment Insurance Act that are paid for the purpose of replacing wages during periods of disability resulting from unjuries incurred in an automobile accident may be deducted from any wage-loss

REFERENCES

Am Jur 2d, Automobile Insurance § 368.

Validity and construction of no-fault insurance plans providing for reduction of benefits otherwise payable by amounts receivable from independent collateral sources. 10 ALR4th 996.

liability of a no-fault insurer which arises out of that same automobile accident (MCL 500.3109[1]; MSA 24.13109[1]; 45 USC 351 *et seq.*).

*Logeman & Connors, P.C.* (by *Timothy P. Connors*), for plaintiff.

*Douvan & Barnett* (by *Gordon J. Barnett, Jr.*), for defendant.

Before: HOLBROOK, JR., P.J., and MACKENZIE and N. A. BAGULEY,* JJ.

PER CURIAM. This case involves a claim for $2,556.07 deducted by defendant, Auto Club Insurance Association, from no-fault insurance personal protection benefits paid by defendant to plaintiff, Sanford Moore. Moore was injured in an automobile accident on February 27, 1985, and was disabled from his job at Grand Trunk Western Railroad until August 1, 1985. Moore had a no-fault automobile policy with Auto Club that had full, uncoordinated benefits under which Moore received no-fault PIP benefits. Moore received $2,556.07 in Railroad Unemployment Insurance Act benefits pursuant to 45 USC 351-368. Auto Club subtracted from the no-fault wage-loss benefits otherwise due Moore this amount, which is the subject of this dispute.

On October 31, 1985, Moore filed a complaint in Washtenaw Circuit Court to determine, in part, whether or not the setoff in the amount of $2,556.07 claimed by Auto Club was appropriate. On January 12, 1987, Auto Club moved for summary disposition pursuant to MCR 2.116(C)(8), arguing that the deduction of $2,556.07 was made under the authority of the "governmental-benefit setoff" provision of § 3109(1) of the Michigan no-

* Circuit judge, sitting on the Court of Appeals by assignment.

fault insurance act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*

Following oral argument, the court granted defendant's motion for summary disposition, ruling that the two-part test set forth in *Jarosz v DAIIE,* 418 Mich 565; 345 NW2d 563 (1984), was met and, therefore, the setoff of the federal benefits was mandatory. We agree with the trial court's ruling.

Section 3109(1) of the Michigan no-fault insurance act requires a subtraction of benefits provided under the laws of state or federal government from the amount of personal protection insurance benefits payable under any no-fault insurance policy. The purpose of the provision is to eliminate duplicative recovery of benefits and to contain insurance costs. See *LeBlanc v State Farm Mutual Automobile Ins Co,* 410 Mich 173, 197; 301 NW2d 775 (1981). However, not all governmental benefits are required to be subtracted from no-fault personal protection insurance benefits otherwise due. *Jarosz, supra* at 573. Benefits bearing no relationship whatsoever to no-fault benefits or to the reason no-fault benefits are paid are not subject to setoff. *Jarosz, supra* at 573-574.

In *Jarosz,* our Supreme Court held that social security retirement (old age) benefits were not required to be subtracted pursuant to § 3109(1) because they do not serve the same purpose as no-fault work-loss benefits and are not provided or required to be provided as the result of injuries received in a motor vehicle accident which give rise to a claim for work loss benefits. In so holding, the *Jarosz* Court stated:

> We conclude that the correct test is: state or federal benefits "provided or required to be provided" must be deducted from no-fault benefits under section 3109(1) if they:

1) Serve the same purpose as the no-fault bene-
fits, and
2) Are provided or are required to be provided as
a result of the same accident. [*Jarosz, supra* at
577.]

We find that the trial court properly concluded
that under the above test the setoff was appropri-
ate. Plaintiff's federal railroad unemployment in-
surance benefits were computed as a percentage of
his earnings pursuant to 45 USC 352(a) and were
clearly for the purpose of replacing wages lost
during the period of disability. As Justice RYAN
stated in *Jarosz, supra* at 580-581: "No-fault work-
loss benefits . . . are a substitute for *wages* which
a person actually would have earned but for an
automobile accident." Thus, as the federal benefits
serve the same purpose as the no-fault benefits,
the first prong of the *Jarosz* test is met.

The second prong of the test is also satisfied by
the fact that both the no-fault and federal railroad
retirement disability benefits were payable as a
result of disability from injuries sustained in the
automobile accident on February 27, 1985. Since
both parts of the *Jarosz* test are met, we conclude
that the setoff was appropriate. We affirm the trial
court's grant of summary disposition and the setoff
by defendant in the amount of $2,556.07 from the
no-fault wage-loss benefits otherwise due plaintiff.

Affirmed.